JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kim Givner, appeals the sentence imposed by the Cuyahoga County Common Pleas Court following his convictions for aggravated vehicular homicide and aggravated vehicular assault after having previously entered pleas of no contest to these offenses. For the following reasons, we affirm.
{¶ 2} The record reveals that this court had previously considered the trial court's compliance with R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) when it first imposed consecutive four-year and seventeen-month sentences. See State v. Givner (July 5, 2001), Cuyahoga App. No. 78625 ("Givner I"). This court determined that the trial court did not state its findings adequately on the record as required by statute and, as such, we vacated appellant's sentence and remanded for resentencing. It is from that remand that the present appeal is before us.
{¶ 3} In resentencing appellant, the trial court stated:
 {¶ 4} In this case, first of all, we have on count one, we have the death of a young woman who has a young child; that child once again no longer has a mother; the mother no longer has a daughter.
 {¶ 5} Additionally, the second victim in this case, with respect to count two, suffered permanent injuries. According to the mother of the deceased she is still having difficulty walking; apparently although not documented cannot have children but the Court will not consider that as a factor here.
 {¶ 6} To say that the proportionality of this sentence is disproportionate to the seriousness of the offender's conduct is not valid with this Court. We have a death and a serious injury. The facts of this case indicated that the defendant was drinking, smoking wet. One of the — according to [the surviving victim], the decedent asked him to slow down; he did not, the defendant then hit a parked car, then sped away and crashed into a pole. So there was some opportunity to minimize the harm which was caused in this instance and the defendant did not respond accordingly.
{¶ 7} The court thereafter detailed appellant's criminal history, which included convictions for robbery, drug possession, assault and disorderly conduct/intoxication. There was no prior driving-under-the-influence conviction, however.
 {¶ 8} In this Court's mind this reflects a pattern of criminal activity where the defendant does not adjust his behavior after having been arrested and/or pled to various offenses. So the propensity to continue criminal activity is apparent to this Court based on his prior conduct.
{¶ 9} The court continued:
 {¶ 10} I do not buy the argument that you need a prior driving under the influence to support a sentence like this. This defendant poses a serious physical harm to the public by his continued pattern of criminal conduct. The harm was so great or unusual that a single prison term would not adequately reflect the seriousness of the crime.
{¶ 11} The court thereafter sentenced appellant to the same four-year and seventeen-month consecutive prison term as it did previously, concluding that such a sentence was not disproportionate to the seriousness of appellant's conduct.
{¶ 12} Appellant argues on appeal that the trial court failed to make a finding that the imposition of consecutive sentences is not disproportionate to the danger appellant poses to society. In particular, appellant urges this court to find consecutive sentences inappropriate when an offender exhibits no history of similar offenses. In this regard, appellant claims that because he has no "prior moving violations that indicate a propensity to endanger the public," consecutive sentences in this case are disproportionate. We disagree and are unpersuaded by appellant's argument.
{¶ 13} As we previously stated in Givner I, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of his offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. R.C. 2929.14(E)(4).
{¶ 14} The proportionality analysis required under R.C.2929.14(E)(4) does not limit a sentencing court to find that an offender poses a danger to the public only when that offender has had a previous conviction for the same offense. To the contrary, what is required under the second prong of the proportionality analysis is that the court determine whether the imposition of consecutive sentences is consistent with the degree of danger that offender poses to the public. In reaching its conclusion, a sentencing court may review an offender's criminal history; but there is no requirement under this prong of the statute that it do so. Consequently, we reject appellant's argument that the absence of any previous driving-under-the-influence conviction militates against the imposition of consecutive sentences because such a sentence would be disproportionate to the danger appellant would pose to the public.
{¶ 15} The court in this case, however, did find appellant's criminal history relevant to its finding that appellant poses a danger to the public. The presentence investigation report in this case detailed appellant's criminal history, which included, inter alia, convictions for drug law violations. The court concluded that appellant's pattern of criminal conduct supports the risk of serious physical harm he poses to the public. We agree.
{¶ 16} Consequently, we find that the trial court made the findings required under R.C. 2929.14(E) and 2929.19(B)(2)(c) and that those findings are supported by the record. Appellant's sole assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and DIANE KARPINSKI, J., CONCUR